# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RONDALE WADE, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:25-cv-206 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| HAMILTON COUNTY, *et al.*, ) | Magistrate Judge Dumitru |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On July 28, 2025, the Court entered an order that informed Plaintiff that he had not submitted the proper documents to proceed *in forma pauperis*, provided him thirty (30) days to do so, and notified Plaintiff that if he failed to fully and timely comply with that order, the Court would presume that he is not a pauper, assess him the full amount of fees, and order the case dismissed for want of prosecution. [Doc. 10]. However, the United States Postal Service returned the Court's mail to Plaintiff containing that order to the Court as undeliverable more than two weeks ago, [Doc. 11-1], and the Court has not received a notice of change of address or any other communication from Plaintiff since the return of this mail.[1] Additionally, more than thirty days have passed since entry of that order, and Plaintiff has not complied with the order. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not

---

[1] After the order was returned as undeliverable, the Court reviewed the record in this case to determine if there was an alternative address at which Plaintiff could potentially be reached. The Court was unable to find such an address.

expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, Plaintiff's failure to comply with the Court's previous order is due to his willfulness or fault, as it appears that he did not receive that order because he failed to update the Court as to his change in address, even though the Court notified him of the requirement that he do so within two weeks of any address change, and that dismissal could result from a failure to do so. [Doc. 6; Doc. 7 at ¶ 3]. As to the second factor, Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants, although the Court notes that, like the Court, Defendants cannot communicate with Plaintiff about this case without his current address. As to the third factor, as set forth above, the Court previously notified Plaintiff that (1) failure to timely update the Court as to any change in his address could result in dismissal of this case, [*id.*], and (2) failure to timely comply with the Court's prior order would result in dismissal of this case [Doc. 10 at 2]. Finally, as to the fourth factor, alternative sanctions are not warranted, as Plaintiff sought leave to proceed *in forma pauperis* in this action but failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order or updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff's pending motion for leave to proceed *in forma pauperis* [Doc. 1] will be **DENIED**, Plaintiff will be **ASSESSED** the filing fee of $405, and this action will be **DISMISSED**. Accordingly, Plaintiff's other pending motions [Docs. 3, 4, 5] will be **DENIED AS MOOT.** The Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and Order and the accompanying Judgment Order to the custodian of inmate accounts at Plaintiff's facility and the Court's financial deputy. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

An appropriate Judgment Order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**